IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MORGAN COYNE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, JUSTICE DEPARTMENT DEBT COLLECTION SERVICES, NAVIENT, EXPERIAN, EQUIFAX, and TRANSUNION,<br><br>　　　　　Defendants. | CV-23-66-DLC-KLD<br><br>ORDER and<br>FINDINGS AND<br>RECOMMENDATION |

　　　　On May 31, 2023, pro se Plaintiff Morgan Coyne filed a motion for leave to proceed in forma pauperis (Doc. 1) and lodged a "Complaint to Void Debt, For Declaratory Relief, and Other Relief" against the United States Department of Education, Justice Department Debt Collection Services, Navient, Experian, Equifax, and TransUnion (Doc. 2).

**I.　Motion to Proceed In Forma Pauperis**

　　　　Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. On May 31, 2023, Coyne completed an "Application to Proceed in District Court without Prepaying Fees or Costs." (Doc.1). The information provided in the application is

1

sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court grants his request to proceed in forma pauperis.

## II. Screening Requirement

Because Coyne is proceeding in forma pauperis, the Court must review his Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it is clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. See e.g. *Chaset v. Fleer/Skybox Int'l.*, 300 F.3d 1083, 1088 (9th Cir. 200); *Klamath-Lake Pharma. Ass'n v. Klamath Medical Servs. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

### III.   Coyne's Allegations

Although it is not entirely clear from the allegations in the Complaint, it appears that Coyne is bringing this lawsuit on the theory that the above named Defendants are engaged in an ongoing effort to harass him and wrongfully collect on student loan debt that Coyne asserts he does not owe.  (Doc. 2 at 4-10).

Coyne alleges the Department of Education provided him with inaccurate records about these loans, and that upon his request, it failed to provide him with any "fundamental foundational documents" demonstrating that the loans are his or

3

that he in fact owes any payments on the loans. (Doc. 2 at 4). Coyne repeatedly asserts that this "foundational paperwork" is nowhere to be found, while "collection attempts and threats continue" based on the "presumption" that such documents exist. (Doc. 2 at 5-6).

Coyne also alleges that federal loan servicer, Navient, is claiming he owes a balance of approximately ten-thousand dollars but that Navient has not identified the "owner" of the "original documentation underlying, the alleged evidence of indebtedness and 'account'" (Doc. 2 at 4). He asserts that any documentation that Navient might be able to provide will ultimately be inadmissible evidence because any such documentation "will not be true and correct copies of originals" and consequently "cannot pass the hearsay exception test" and will not be admissible as business records. (Doc. 2 at 6).

Coyne asserts that none of the named Defendants "have a contract or commercial agreement" with him. (Doc. 2 at 5). He explained that he has named the "3 credit bureaus" – Experian, Equifax, and Transunion – as Defendants because they have aided and assisted the Department of Education, and will further aid in ruining Coyne's creditworthiness. (Doc. 2 at 5, 7). Coyne further claims that the "alleged debt" has been "written off" and it "would be a case of unjust enrichment, and/or fraud on the consumer" for the Defendant to collect on the debt. (Doc. 2 at 5).

Coyne alleges that the Department of Education and Navient "are not the real parties in interest in this proceeding" because they have no right to collect on the debt and "are playing a shell game" by withholding information about which entity actually owns the student loan debt. (Doc. 2 at 4, 6). He asserts that the Department of Education and Navient do not have "any remaining equity nor standing in the original Application or Agreement due to insurance settlements or charge-offs," and there has been "no presentment or exhibition of originals to prove such [a] relationship" exists. (Doc. 2 at 6).

Coyne claims that pursuant to Uniform Commercial Code § 3-505, Defendants' alleged inability to present the "original" loan documents "bars further enforcement" of any obligation that he might have to repay the loans. (Doc. 2 at 6). Coyne further alleges that Defendant have "arbitrarily selected" him to be responsible for the alleged debts (Doc. 2 at 6). Coyne asserts that he has repeatedly made requests for the "originals," but Defendants have only provided him with "barely legible forgeries" that do not contain Coyne's real signature. (Doc. 2 at 7). Coyne again cites to UCC § 3-505 to support his claim that "certain debts need to be signed [and] are not enforceable past certain points and after certain occurrences." (Doc. 2 at 7).

In what can be liberally construed as a request for relief, Coyne asks the Court to "find that the obligation claimed is unenforceable and thusly void, grant

punitive damages to punish past non-compliance with the laws and to promote future compliance," and grant any other relief that may be warranted. (Doc. 2 at 10).

## IV.   Analysis

The Complaint primarily consists of Coyne's conclusory factual allegations, and does not allege any particular legal claims against Defendants or clearly identify the legal basis for his lawsuit. Although Coyne has not pled any specific legal claims, he refers to Section 3-505 of the UCC three times in the body of the Complaint. (Doc. 2 at 5, 6, 8). For example, Coyne alleges "the inability to produce for inspection and examination of the [original loan documents] bars further enforcement" under UCC § 3-505. (Doc. 2 at 6). Section 3-505 of the UCC is entitled "Evidence of Dishonor." A dishonored note is a note that the maker failed to pay at maturity. See *Gelman v. Pub. Nat. Bank*, 377 F.2d 166, 167 (D.C. Cir. 1967). Section 3-505 sets forth the types of materials that create a presumption of dishonor and also provides for a "protest," which is a certificate of dishonor. UCC § 3-505(a)-(b). To the extent Coyne asserts that Defendants may not pursue collection on his alleged student loan debt because any such debt has been dishonored or "written off," (Doc. 2 at 5), the Court finds no support for such a claim in § 3-505 or any other section of Article 3 of the UCC.

Section 3-505 does not support any claim for relief against Defendants on the facts alleged here.

The Complaint also includes a cursory unspecific reference to the Fourteenth Amendment to the United States Constitution, but does not specifically allege a constitutional violation or allege sufficient facts to support a Fourteenth Amendment claim. (Doc. 2 at 2).

At one point in the Complaint, Coyne alleges that the Department of Education and "Justice Department Debt Collection Services" are "debt collectors" within the meaning of the Federal Collection Practices Act. (Doc. 2 at 3). To the extent the Complaint can be very liberally construed as asserting claims under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, Coyne fails to state a claim for relief against any of the named Defendants.

To state a claim under the FDCPA, "a plaintiff must allege facts sufficient to support three threshold elements: (1) that the plaintiff is a consumer, (2) that the defendant is a debt collector; and (3) that the defendant committed an act or omission that violates the FDCPA." *Wong v. Navient Solutions, LLC*, 2020 WL 978520, at *5 (W.D. Wash. Feb. 28, 2020). See also *Banks v. ACS Educ.*, 638 Fed. Appx. 587, 590 (9th Cir. 2016) (citing *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013)).

For purposes of the FDCPA, "a debt collector is 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Wong*, 2020 WL 978520, at *5 (quoting 15 U.S.C. § 1692a(6)). "The FDCPA excludes various types of parties from the definition of 'debt collector,' including 'any person collecting or attempting to collect any debt… to the extent that such activity…concerns a debt which was not in default at the time it was obtained by such person." *Wong*, 2020 WL 978520, at *5 quoting 15 U.S.C. § 1692a(6)(F)). The FDCPA also excludes from the definition of "debt collector" any "officer or employee of the United States…to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C).

Plaintiff has not alleged facts demonstrating that Defendants are debt collectors. Several courts have held that the Department of Education is not a "debt collector" under the FDCPA because "(1) debt collection is not the 'principal purpose' of the Department of Education, and (2) the Department of Education does not collect or attempt to collect debts of third parties – any debt that it collects is its own." *Nomerisi v. U.S. Dept. of Education*, 2020 WL 4227417, at *2 (E.D.

Cal. July 23, 2020) (citing several cases). Because the Department of Education is not a debt collector, any claim against it under the FDCPA fails as a matter of law.

Coyne also names the "Justice Department Debt Collection Services" as a defendant, which the Court interprets as a reference to the Department of Justice's "Justice Management Division" which includes "Debt Collection Management Staff" and "provides the operational, litigation support, policy and client support training, and reporting needed to facilitate the collection of debts owed to the United States Government." https://www.justicegov/jmd/debt-collection-management-staff (last visited July 13, 2023). The FDCPA expressly excludes from the definition of "debt collector" any "officer or employee of the United States…to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C). "This includes agents acting on behalf of the Government." *Haight v. United* States, 2017 WL 4180460, at *4 (D. Or. Sept. 21, 2017) (citing *Wagstaff v. U.S. Dept. of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007)). Thus, like the Department of Education, the Department of Justice is not a "debt collector."

Additionally, it is well-settled that the United States and its agencies, including the Department of Education and the Department of Justice, cannot be sued unless Congress consents by enacting a waiver of sovereign immunity. See *FDIC v. Meyer*, 510 U.S. 471, 477 (1994); *Munns v. Kerry*, 782 F.3d 402, 412 (9th

Cir. 2015). Such consent may not be implied, but must be "unequivocally expressed." *United States v. Nordic Village, Inc.,* 503 U.S. 30, at 30-34 (1992). "[T]he FDCPA does not contain an unequivocal and express waiver of sovereign immunity." *Wagstaff*, 509 F.3d at 664. See also *Haight*, 2017 WL 4180460, at *4. (pointing out that plaintiff's "FDCPA claims also raise a sovereign immunity problem, as the FDCPA contains no unequivocal or express waiver of sovereign immunity") (citation and quotation marks omitted). Thus, even if the federal Defendants could be considered "debt collectors," they are entitled to sovereign immunity.

Plaintiff also names three credit reporting agencies as defendants – Experian, Equifax, and TransUnion. Credit reporting agencies, including specifically the three named in Coyne's complaint, are not debt collectors within the meaning of the FDCPA. See e.g. *Lewis v. Maryland*, 2018 WL 1425977, at *4 (D. Md. Mar. 22, 2018) ("The [FDCPA] claim against Experian, a credit reporting agency like Equifax and Trans Union, must be dismissed with prejudice as well, because Experian also is not a debt collector.") (citing several cases); *Little v. Experian Info. Services*, 2022 WL 17467708, at *3 (D. Md. Dec. 6, 2022) (finding plaintiff failed to state a claim for several reasons, including that he failed to explain how the FDCPA "even applies to Experian, which is a credit reporting agency, not a debt collector").

Finally, as reflected in FDCPA caselaw, when a loan servicer like Navient "obtains an account prior to its default, the loan servicer operates as a creditor, not a debt collector, for the purposes of the FDCPA." *Allen v. United States Aid Funds, Inc.*, 2018 WL 4680023, at *4 (S.D.N.Y. Sept. 28, 2018) (concluding Navient was not a debt collector under the FDCPA because it began servicing the plaintiff's loans prior to default). See also *Mungo-Craig v. Navient Solutions, Inc.*, 2017 WL 3037566, at *3 n. 4 (E.D. N.C. July 18, 2017) (collecting cases holding that student loan servicers, including Navient, that begin serving a loan prior to default are not debt collectors under the FDCPA)

Here, Coyne does not allege that Navient began servicing his loans prior to default and so has not plausibly alleged that Navient is a debt collector under the FDCPA. This deficiency cannot be cured by amendment because Coyne's apparent theory is that the student loans Navient and the other Defendants are attempting to collect on were not even his and are not his responsibility. For Coyne to claim that Navient began servicing his loans prior to default, he would have to acknowledge that the loans are in fact his and that he is in default. To do so, Coyne would have to plead facts entirely different from those asserted in the Complaint. See *Bligen v. Navient*, 2022 WL 379314, at *4 (N.D. Texas Jan. 14, 2022) (finding that the plaintiff failed to allege any facts from which the court could conclude that Navient acted as a debt collector and dismissing without leave to amend where the plaintiff

denied there was "any 'present verifiable lawful obligation' to pay a debt at all, much less a default").

Even construing the Complaint liberally in Coyne's favor, Coyne has not stated any viable claims arising out the factual scenario alleged. To support a claim, Coyne would have to allege facts that are different from the ones he has already alleged, not merely additional facts. Because the deficiencies set forth above cannot be cured by the allegation of additional facts, amendment would be futile. Therefore, the Court recommends Coyne's Complaint be dismissed with prejudice. For the reasons discussed above, the Court enters the following:

## ORDER

IT IS ORDERED that Coyne's motion to proceed in forma pauperis (Doc. 1) is GRANTED and his filing fee is waived. The Complaint is deemed filed on May 31, 2023.

## RECOMMENDATION

IT IS RECOMMENDED that:

1. Coyne's Complaint (Doc. 2) be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2. The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in

good faith. The Court should direct the Clerk to enter, by separate document, a judgment of dismissal.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Coyne may object to this Findings and Recommendation within 14 days. See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a *de novo* determination by the district judge and/or waive the right to appeal.

Coyne must immediately advise the Court of any change in his mailing address. Failure to do so may result in dismissal of this action without notice to him.

DATED this 24th day of July, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge