IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MORGAN COYNE, | CV 23–66–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| UNITED STATES DEPARTMENT OF EDUCATION, JUSTICE DEPARTMENT DEBT COLLECTION SERVICES, NAVIENT, EXPERIAN, EQUIFAX, and TRANSUNION, | |
| Defendants. | |

United States Magistrate Judge Kathleen L. DeSoto issued her Findings and Recommendations in this case on July 24, 2023, recommending that the Court dismiss Plaintiff Morgan Coyne's Complaint (Doc. 2) with prejudice for failure to state a claim on which relief may be granted.  (Doc. 4 at 12.)  Finding no clear error in Judge DeSoto's Findings and Recommendations, the Court adopts them in full.

Because neither party objected, they are not entitled to *de novo* review.  28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Therefore, the Court reviews the Findings and Recommendation for clear

–1–

error.  *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309,
1313 (9th Cir. 1981).  Clear error exists if the Court is left with a "definite and firm
conviction that a mistake has been committed."  *United States v. Syrax*, 235 F.3d
422, 427 (9th Cir. 2000), it appears "beyond a doubt that

Plaintiff filed a complaint alleging that Defendants are engaged in an
ongoing effort to harass him and wrongfully collect on student loan debt that
Plaintiff asserts he does not owe.[1]  (Doc. 2 at 4–10.)  Coyne asks the Court to "find
that the obligation claimed is unenforceable and thusly void, grant punitive
damages to punish past non-compliance with the laws and to promote future
compliance," and grant any other relief that may be warranted.  (*Id.* at 10).

Judge DeSoto recommends that the Court dismiss Plaintiff's Complaint
because the Complaint "primarily consists of Coyne's conclusory factual
allegations, and does not allege any particular legal claims against Defendants or
clearly identify the legal basis for his lawsuit."  (Doc. 4 at 6.)  Judge DeSoto finds
that Plaintiff's references to Article 3 of the UCC do not support his claims, nor
does Plaintiff successfully allege any constitutional violations.  (*Id.* at 6–7.)  Even
liberally construing the Complaint as asserting claims under the Federal Debt
Collection Practices Act, Judge DeSoto concludes that Plaintiff fails to adequately

---

[1] Because Plaintiff is proceeding pro se, the Court construes his pleadings liberally and affords Plaintiff
the benefit of any doubt.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

state a claim for relief.  (*Id.* at 7–11.)  Judge DeSoto also raises the federal

Defendants' sovereign immunity, which has not been waived.  (*Id.* at 9–10.)  Judge

DeSoto concludes that amendment would be futile because these deficiencies

cannot be cured by the allegation of additional facts, and therefore, the Complaint

should be dismissed with prejudice.  (*Id.* at 12.)

Accordingly, having reviewed Judge DeSoto's Findings and

Recommendations for clear error and finding none,

IT IS ORDERED:

1.  Judge DeSoto's Findings and Recommendations (Doc. 4) are ADOPTED

IN FULL;

2.  Plaintiff's Complaint (Doc. 2) is DISMISSED WITH PREJUDICE for

failure to state a claim on which relief may be granted;

3.  The Clerk of Court shall enter judgment of dismissal by separate

document; and

4.  The Court certifies, pursuant to Federal Rule of Appellate Procedure

24(a)(4)(B), that any appeal from this disposition would not be taken in

good faith.

DATED this 23rd day of October, 2023.

–3–

Dana L. Christensen, District Judge
United States District Court